IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| BREON LEONARD BARR,<br>Petitioner, | : <br> : <br> : | PRISONER HABEAS CORPUS<br>28 U.S.C. § 2254 |
| v. | : <br> : | |
| ROBERT TOOLE, Warden,<br>Respondent. | : <br> : | CIVIL ACTION NO.<br>1:13-CV-2432-WSD-LTW |

### FINAL REPORT AND RECOMMENDATION

Petitioner is confined at Georgia State Prison in Reidsville, Georgia. Petitioner, pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2254 regarding his criminal convictions in the Superior Court of Cobb County, Geogia. (Doc. 1.)

Respondent moved to dismiss the petition as untimely. (Doc. 7.) Because Petitioner filed no response, the motion is deemed unopposed. *See* LR 7.1B, NDGa. For the reasons discussed below, the motion should be granted.

Petitioner was convicted of drug crimes at a bench trial in the Superior Court of Cobb County on January 12, 2009. (Doc. 1 at 1; Doc. 8-8 at 4.) The trial court sentenced Petitioner to fifteen years in prison and fifteen years of probation. (Doc. 1 at 1; Doc. 8-8 at 5-6.)

AO 72A
(Rev.8/82)

On January 20, 2010, the Georgia Court of Appeals affirmed Petitioner's judgment of conviction. *Barr v. State*, 690 S.E.2d 643 (Ga. Ct. App. 2010). Petitioner did not seek review in the Georgia Supreme Court. (Doc. 1 at 2.)

Petitioner, through counsel, filed a petition for a writ of habeas corpus in state court on May 31, 2011. (Doc. 8-1.) The state court denied the petition in July 2012, (Doc. 8-2), and the Georgia Supreme Court denied Petitioner a certificate of appealability in January 2013, (Doc. 8-4). Petitioner filed his § 2254 petition in this Court on July 17, 2013. (Doc. 1 at 14 (date on which Petitioner states he mailed his petition to the Court).)[1] Respondent contends that the petition is untimely because Petitioner filed it after the one-year limitations period for filing a federal habeas petition expired. (Docs. 7, 7-1.) Petitioner filed no response to the motion.

Absent extraordinary circumstances, federal courts do not consider the merits of § 2254 habeas petitions unless they are timely filed. 28 U.S.C. § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

---

[1] A prisoner proceeding pro se is deemed to have filed a document in federal court on the date he gave it to prison officials for mailing. *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009).

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

When the Georgia Court of Appeals affirmed Petitioner's convictions on January 20, 2010, Petitioner had ten days from that date to file a notice of intent to seek certiorari review from the Georgia Supreme Court. *See* Ga. Sup. Ct. R. 38. Petitioner did not file such a notice. Thus, Petitioner's judgment of conviction became final on February 1, 2010, because that was the deadline for seeking further review of the judgment. *See* 28 U.S.C. § 2244(d)(1)(A); Sup. Ct. R. 13(1) (providing that the

U.S. Supreme Court will not consider a petition for certiorari from the judgment of an intermediate state court unless the state's highest court has denied discretionary review). Nothing in the record indicates that any of the other triggering dates in § 2244(d)(1) apply. The one-year period for filing a federal habeas petition therefore began on February 1, 2010, and ended on February 1, 2011.[2]

It is undisputed that Petitioner did not file his state habeas petition until May 31, 2011, four months later. Because the deadline to file a federal habeas petition had expired by that time, Petitioner's state habeas petition did not toll the one-year limitations period. "[A] state court petition . . . that is filed following the expiration of the federal limitations period cannot toll that period because there is no period remaining to be tolled."[3] *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (quotation marks omitted).

---

[2] The one-year period is calculated using the "anniversary method, under which the limitations period expires on the anniversary of the date it began to run," i.e., the same day of the same month in the following year. *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (quotation marks omitted).

[3] Although the deadline to file a federal habeas petition had expired when Petitioner's state habeas case concluded in January 2013, Petitioner waited another six months after that time before filing his federal petition.

4

Petitioner has shown no basis for the Court to consider his untimely petition. Indeed, Petitioner did not even respond to the motion to dismiss. Accordingly, Petitioner's untimely petition should be dismissed.

A habeas petitioner may not appeal the denial of his § 2254 petition "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). Rule 11 of the Rules Governing § 2254 Cases provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (quotation marks omitted). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a certificate of appealability should issue "only when the prisoner shows both that jurists of reason would find it debatable whether the petition

states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Jimenez v. Quarterman*, 129 S. Ct. 681, 684 n.3 (2009) (quotation marks omitted).

Petitioner has not shown that reasonable jurists would find debatable both the timeliness issue underlying his petition and the issue of whether he has stated a valid claim that his constitutional rights were violated in his state criminal case. As a result, the Court should not issue a certificate of appealability.

For the foregoing reasons, **IT IS RECOMMENDED** that Respondents' motion to dismiss [7] be **GRANTED**, the petition be **DISMISSED** as untimely, and a certificate of appealability be **DENIED**.

**SO RECOMMENDED** this 11 day of October, 2013.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE