IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BREON LEONARD BARR,

          PETITIONER,

v.                                                    1:13-cv-2432-WSD

ROBERT TOOLE,

          RESPONDENT.

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Linda T. Walker's Final Report and Recommendation ("R&R") [9] recommending that Petitioner Breon Leonard Barr's ("Petitioner") Petition for writ of *habeas corpus* should be dismissed as untimely pursuant to 28 U.S.C. § 2244(d).

**I.     BACKGROUND**

Petitioner is a prisoner at the Georgia State Prison in Reidsville, Georgia. On July 19, 2013, Petitioner filed a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, challenging his criminal convictions in the Superior Court of Cobb County, Georgia. On September 12, 2013, the Respondent moved to dismiss the Petition as untimely pursuant to 28 U.S.C. § 2244(d). Petitioner did not respond to

Respondent's Motion to Dismiss the Petition.

## II.   DISCUSSION

### A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1) (Supp. V 2011); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). If no party has objected to the report and recommendation, a court conducts only a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam). Because Plaintiff did not raise any objections to the R&R, the Court reviews the R&R for plain error.

### B.   Analysis

28 U.S.C. § 2244(d)(1)(A) provides that:

> a 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . .

On January 20, 2010, the Georgia Court of Appeals affirmed Petitioner's

convictions. Petitioner did not file a petition for *certiorari* in the Georgia Supreme Court. On February 1, 2010, Petitioner's convictions became final because the ten-day period for appealing the Georgia Court of Appeal's decision expired on that date. The Magistrate Judge found that, pursuant to 28 U.S.C. § 2244(d)(1)(A), the on-year period for filing Petitioner's federal habeas petition began on February 1, 2010 and ended on February 1, 2011. The Magistrate Judge also found that Petitioner's state habeas petition did not toll the one-year limitations period because Petitioner filed his state habeas petition four months after the deadline to file a federal habeas petition had expired.

The Magistrate Judge recommended that the Petition should be dismissed as untimely under § 2244(d)(1)(A). The Magistrate Judge also recommended that the Court should not issue a certificate of appealability because Petitioner did not show that reasonable jurors would find it debatable whether the Court's procedural ruling was correct or whether Petitioner had stated a valid claim of the denial of a constitutional right. Having found no plain error in the Magistrate Judge's findings and recommendations, the Respondent's Motion to Dismiss the Petition as untimely is granted, and the Petitioner's request for a writ of *habeas corpus* is required to be dismissed.

## III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Linda T. Walker's Final Report and Recommendation is **ADOPTED**.

**IT IS FURTHER ORDERED** that the Respondent's Motion to Dismiss the Petition for Writ of Habeas Corpus is **GRANTED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**SO ORDERED** this 20th day of June 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE